IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS FOOTE RISELEY,

    Plaintiff,             No. 2:12-cv-1695 MCE GGH P

   vs.

WARDEN, HIGH DESERT STATE PRISON, et al.,

    Defendants.         ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       <u>Motion to Proceed In Forma Pauperis</u>

       The certificate portion of plaintiff's motion to proceed in forma pauperis, which must be completed by plaintiff's institution of incarceration, has not been filled out. Also, the court has not received a certified copy of plaintiff's prison trust account statement for the six month period immediately preceding the filing of the complaint. <u>See</u> 28 U.S.C. § 1915(a)(2). Accordingly, the court will deny the current motion (Doc. No. 2) and instruct plaintiff to file a new application.

1

<u>The Complaint</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

<u>Summary of Complaint</u>

Plaintiff, who is currently a prisoner at High Desert State Prison, alleges that he personally witnessed defendant Brown handcuff another inmate, and then kick out the legs from under the inmate. <u>See</u> Doc. No. 1 at 5. Plaintiff alleges that in his building there have been 3 or 4 avoidable deaths in the last fifteen months. <u>Id.</u> Plaintiff appears to allege that inmates are seeking cell changes because they fear for their lives. <u>Id.</u>

As relief, plaintiff seeks: (1) investigation of his claims by the Federal Bureau of Investigation; (2) five million dollars, for the families of the dead and injured inmates; and (3) an injunctive order to stop ordering incompatible inmates to be cellmates. <u>See</u> Doc. No. 1 at 5.

Plaintiff adds to his complaint a "Notice of Urgency," which reads that plaintiff has been advised by an unnamed sergeant not to file any more paperwork against defendant Brown, which advice plaintiff takes to be a threat. <u>See</u> Doc. No. 1 at 6.

The inmate/parolee appeal forms attached to plaintiff's complaint read that he has raised with the prison "On going acts of extortion and staff misconduct." <u>See</u> Doc. No. 1 at 7. Plaintiff appears to allege that another inmate was murdered after the other inmate stood up to extortionists in plaintiff's building. <u>Id.</u> at 10.

<u>Analysis</u>

Plaintiff appears to be seeking damages on account of constitutional violations suffered by inmates other than plaintiff. Plaintiff does not have standing to raise these claims because he has alleged no injury to his own rights or person. <u>See Valley Forge Christian College v. Americans United for Separation of Church and State</u>, 454 U.S. 464, 472, 102 S.Ct. 752, 758

(1982) (party who invokes court's authority must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant..."); Johns v. County of San Diego, 114 F.32d 874, 876 (9th Cir. 1997) ("[C]onstitutional claims are personal and cannot be asserted vicariously."), citing U.S. v. Mitchell, 915 F.2d 521, 526 n.8 (in asserting outrageous conduct of government as defense, defendant has no standing "to raise the rights of others whose rights may have been violated....).

In addition, plaintiff may not bring an action under 42 U.S.C. § 1983 on behalf of other inmates.  As a non-attorney, plaintiff may appear pro se on his own behalf, but that privilege is personal to him.  C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987).

Plaintiff may be attempting to allege a personal retaliation claim, but this is unclear.

Accordingly, the court will dismiss the complaint with leave to amend.  Plaintiff may file an amended complaint within 28 days of the filing date of this order.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

4

F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 25, 2012, motion to proceed in forma pauperis (Docket No. 2) is denied;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner;

3. Plaintiff shall submit, within thirty days from the date of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court;

4. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. Plaintiff's failure to submit the completed affidavit and the certified copy of his prison trust account statement will result in a recommendation that this action be dismissed without prejudice;

5. This complaint (Doc. No. 1) is dismissed with leave to amend. Plaintiff may file an amended complaint within 28 days of the filing date of this order. Failure to file an amended complaint will result in a recommendation for dismissal of the action.

DATED: August 22, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb
rise1695.B